# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| JAMES KELLY, *et al.*, | |
| Plaintiffs, | Case No. 2:08-CV-00088-KJD-RJJ |
| v. | **ORDER** |
| CSE SAFEGUARD INSURANCE COMPANY, | |
| Defendant. | |

Presently before the Court is Defendant's Motion to Dismiss Plaintiffs' Amended Complaint (#70). Plaintiffs filed a response in opposition (#76) to which Defendant replied (#80). Also before the Court are Plaintiffs' Motion to Dismiss or Substitute Party (#84/85). Defendant filed a response in opposition (#93) to which Plaintiffs replied (#94).

I. Background and Procedural History

Plaintiffs' Complaint seeks damages for insurance bad faith and other causes of action against Defendant CSE Safeguard Insurance Company ("CSE"). Plaintiff James Kelly ("Kelly") submitted a claim to CSE for personal injuries suffered in a motor vehicle accident on March 19, 2001. The accident occurred when CSE's insured, Plaintiff Andre Torres Flores ("Flores"), allowed Plaintiff Jose Luis Cruz ("Cruz") to drive his vehicle. While doing so, Cruz rear-ended Kelly. On April 4,

2002, Kelly filed a state court complaint for damages against Flores and Cruz. That case resulted in a judgment in favor of Kelly and against Cruz and Flores on February 20, 2007.

On December 19, 2007, Plaintiffs filed their complaint in state court alleging that they had been damaged by CSE's failure to handle the claim in a reasonable manner. On January 22, 2008, CSE filed a petition for removal citing diversity jurisdiction. On September 16, 2009, the Court ruled on Defendant's first motion to dismiss. The Court ordered the complaint dismissed without prejudice, but granted Kelly leave to amend due to his recently acquired assignment from Flores.

Plaintiffs filed an Amended Complaint on September 23, 2009. Now, Defendant moves to dismiss the claims of either Kelly or Cruz as parties depending on which had rights based on the alleged assignments. Defendant asserts that Plaintiffs James Kelly and Jose Luis Cruz have no standing to sue CSE for bad faith. Plaintiffs assert that Kelly now has an assignment of Flores' claims and Kelly has executed on the rights of Cruz, and thus, Cruz and Flores should be dismissed from this action leaving Kelly to pursue the claims he has acquired.

II.  Standard for a Motion to Dismiss

In considering a motion to dismiss, "all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party." Wyler Summit Partnership v. Turner Broadcasting System, Inc., 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Consequently, there is a strong presumption against dismissing an action for failure to state a claim. See Gilligan v. Jamco Dev. Corp., 108 F.3d 246, 249 (9th Cir. 1997) (citation omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff has pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

The Iqbal evaluation illustrates a two prong analysis. First, the Court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations

1 which are legal conclusions, bare assertions, or merely conclusory. Id. at 1949-51. Second, the
2 Court considers the factual allegations "to determine if they plausibly suggest an entitlement to
3 relief." Id. at 1951. If the allegations state plausible claims for relief, such claims survive the motion
4 to dismiss. Id. at 1950.

5 III.  Analysis

6   The Court agrees with Plaintiff Kelly that Cruz and Flores must be dismissed from the action
7 since they have no rights or causes of action remaining against Defendant CSE. Though Plaintiffs'
8 counsel has continually muddied the waters in this litigation, it is clear that whatever rights may be
9 pursued in this action now reside with Plaintiff Kelly. Between Flores' February 24, 2009
10 assignment and October 14, 2009 assignment, he transferred all of causes of action that he could
11 pursue to Kelly. Any causes of action that may not be assigned have been waived. See Purcell v.
12 Colonial Insurance Co., 97 Cal. Rptr. 874 (Cal. Ct. App. 1971) (all damages for a single breach of
13 contract must be recovered in one action, in assigning single, indivisible cause of action party waived
14 any claim for purely personal damages that he might have been able to recover). Furthermore,
15 though Defendant disputes the adequacy of the execution on Cruz's claims, Plaintiff has pled with
16 sufficiency the execution on the claims in order to survive a motion to dismiss. See, e.g., Denham v.
17 Farmers Ins. Co., 262 Cal. Rptr. 146, 213 Cal. App. 3d 1061, 1070-71 (Cal. Ct. App. 1989)(Nevada
18 permits a judgment creditor to execute upon a judgment debtor's cause of action). Defendant may
19 conduct discovery and brief, in a dispositive motion, the adequacy of the execution.

20 IV.  Conclusion

21   Accordingly, **IT IS HEREBY ORDERED** that  Defendant's Motion to Dismiss Plaintiffs'
22 Amended Complaint (#70) is **DENIED**;

23   **IT IS FURTHER ORDERED** that Plaintiffs' Motion to Dismiss or Substitute Party
24 (#84/85) is **GRANTED**;

25 ///
26 ///

**IT IS FURTHER ORDERED** that Plaintiff Kelly is substituted in place of Plaintiffs Cruz and Torres.

DATED this 28th day of September 2010.

_____
Kent J. Dawson
United States District Judge