1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\* \* \*

JAMES KELLY,

     Plaintiff,

v.

CSE SAFEGUARD INSURANCE
COMPANY,

     Defendant.

2:08-cv-00088-KJD-RJJ

**ORDER**

Plaintiff's Motion for Attorney Fees and
Costs Incurred in Opposing Defendant's
Motion to Disqualify and in Filing Plaintiff's
Motion to Compel (#105)

     This matter was submitted to the undersigned Magistrate Judge on Plaintiff's Motion for Attorney Fees and Costs Incurred in Opposing Defendant's Motion to Disqualify and in Filing Plaintiff's Motion to Compel (#105).  The Court also considered Defendant's Opposition (#107), Plaintiff's Reply (#109), and the argument and representations of counsel at a hearing held on this matter..

## BACKGROUND

**1. Facts**

     This is an insurance bad faith (refusal to settle) case that stems from an automobile collision.  Kelly was injured in a collision as a result of negligence by Jose Cruz and Andre Torres Flores.  Cruz and Flores were insured by CSE Safeguard Insurance Company (CSE).  A week after the accident, Kelly sent a demand letter to CSE requesting that CSE tender the policy limits because Cruz and Flores' liability allegedly exceeded the policy limit.  CSE did not comply for various reasons, including the fact that the letter was sent to the wrong address.  CSE

1  and Kelly then participated in settlement negotiations and CSE conducted its investigation.

2  CSE's investigation was fraught with delays.

3      During this time, Kelly negotiated stipulated judgments with Flores and Cruz for $1.5

4  million each.  Kelly, Cruz, and Flores then filed the instant complaint alleging bad faith on the

5  part of CSE.

6  **2.  Procedural History**

7      a.  Kelly's Motion to Disqualify CSE's Counsel (#46)

8      Kelly filed a Motion to Disqualify CSE's Counsel (#46).  That motion was denied by

9  Order (#65).  In that Order (#65), the Court pointed out in its conclusion that it was "hard pressed

10  to find a more egregious example of abusive process" and that "[s]anctions may be appropriate

11  under 28 U.S.C. § 1927, FED. R. CIV. P. 11, or the Court's inherent authority."  Order #65 at 4 ll.

12  12-13; 16-17.

13      Subsequently, CSE filed a Motion for Fees (#71) pursuant to 28 U.S.C. § 1927 based on

14  the Court's Order (#65).  That motion was granted.  Minute Order (#104).

15      b.  CSE's Motion to Disqualify Kelly's Counsel (#86)

16      CSE filed a Motion to Disqualify Kelly's Counsel (#86).  That motion was denied

17  because CSE failed to show that Kelly's counsel would be a necessary witness at trial.  Order

18  (#100).

19      c.  Kelly's Motion to Compel (#82)

20      Kelly filed a Motion to Compel (#82).  CSE never filed a response.  Discovery was

21  eventually stayed by Order (#97) pending CSE's Motion to Disqualify (#86).  The Court granted

22  Plaintiff's Motion to Compel (#82) during a hearing, and instructed CSE to respond. Minute

23  Order (#104).  CSE responded.

24      After the Court denied the Motion to Disqualify (#86), and granted the Motion to Compel

25  (#82), Plaintiff filed a Motion for Attorney Fees and Costs Incurred in Opposing Defendant's

26  Motion to Disqualify and in Filing Plaintiff's Motion to Compel (#105).  CSE claims that this

27  motion is retaliatory.

28  . . . .

1

**DISCUSSION**

2    **1.  28 U.S.C. § 1927 Sanctions**

3        28 U.S.C. § 1927 states:

4        Any attorney or other person admitted to conduct cases in any court of the United
         States or any Territory thereof who so multiplies the proceedings in any case
5        unreasonably and vexatiously may be required by the court to satisfy personally
         the excess costs, expenses, and attorneys' fees reasonably incurred because of such
6        conduct.

7    The key term in the statute is "vexatiously." *In re Girardi*, 611 F.3d 1027, 1060 (9th Cir. 2010)[1].

8    Carelessly, negligently, or unreasonably multiplying the proceedings is not enough. *Id*.  Section

9    1927 sanctions are warranted when a party either: (1) recklessly or intentionally misleads the

10   court, or (2) the court finds that the attorney recklessly raised a frivolous argument. *In re*

11   *Girardi*, 611 F.3d at 1061.  Therefore, Section 1927 sanctions are justified if an argument is

12   reckless and frivolous. *Id*.  The view that a reckless, not-entirely-frivolous filing can be

13   sanctioned is erroneous. *In re Keegan Management Co., Securities Litigation*, 78 F.3d 431, 436

14   (9th Cir. 1996).

15       Here, CSE's motion to disqualify was not reckless and frivolous, nor CSE intentionally or

16   recklessly mislead the Court.  Though the court ultimately disagreed with CSE, its motion to

17   disqualify contains non-frivolous argument.

18       Because Kelly's Motion to Disqualify CSE's Counsel (#46) was entirely reckless and

19   frivolous, Section 1927 sanctions were justified. *See* Order (#65) at 4 ll. 13-17.  CSE's Motion

20   to Disqualify Kelly's Counsel (#86) is not entirely frivolous.  Therefore, Section 1927 sanctions

21   are not justified.

22   **B.  Whether Kelly is Entitled to Section 1927 Fees and Costs for Filing His Motion
     to Compel (#82)**

23       Kelly requested sanctions under Section 1927, for having to file a Motion to Compel

24   Answers to Interrogatories (#82).  Kelly's motion for sanctions fails to cite the legal standard for

25

26   _____

27       [1]This case was amended September 10, 2010.  The amendment is factual only, and has no
     bearing on any holding in the case. *See In re Girardi*, — F.3d — ; 2010 WL 3517899
28   (9th Cir. 2010).

3

Section 1927 sanctions or any other type of sanction.   In order to be awarded fees and costs pursuant to Section 1927, Kelly must show that CSE's failure to answer interrogatories "multiplie[d] the proceedings in [this] case unreasonably and vexatiously."  42 U.S.C. § 1927. A party's conduct is sufficient to impose sanctions under Section 1927 by (1) recklessly or intentionally misleading the court, or by (2) a finding that the attorney recklessly raised a frivolous argument.  *In re Girardi*, 611 F.3d at 1061.  Kelly failed to explain why or how CSE's answers to interrogatories recklessly misled the court or why or how CSE's answers to interrogatories were reckless and frivolous.

Section 1927 is not the correct provision for the nature of complaint Kelly has about CSE's answers to interrogatories.  Kelly's request for sanctions for bringing his Motion to Compel (#82) should have been brought pursuant to FED R. CIV. P. 37(a)(5)(A) which states:

> If the motion is granted--or if the disclosure or requested discovery is provided after the motion was filed--the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>
> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>
> (iii) other circumstances make an award of expenses unjust.

Kelly failed to cite to or ask for sanctions under the appropriate law.  Therefore, no sanctions will be awarded.

. . . .
. . . .
. . . .
. . . .
. . . .
. . . .
. . . .

4

## **CONCLUSION**

Based on the foregoing, and good cause appearing therefore,

IT IS HEREBY ORDERED that Plaintiff's Motion for Attorney Fees and Costs Incurred in Opposing Defendant's Motion to Disqualify and in Filing Plaintiff's Motion to Compel (#105) is **DENIED**.

DATED this __21st__ day of July, 2011.


_____
ROBERT J. JOHNSTON
United States Magistrate Judge

5