# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JAMES KELLY,<br><br>    Plaintiff,<br><br>v.<br><br>CSE SAFEGUARD INSURANCE COMPANY,<br><br>    Defendant. | 2:08-cv-00088-KJD-RJJ<br><br>**ORDER**<br><br>Plaintiff's Motion to Compel Answers to Interrogatories and Requests for Production (#111) |

This matter comes before the Court on Plaintiff's Motion to Compel Answers to Interrogatories and Requests for Production (#111). The Court also considered Defendant's Response (#113) and Defendant's Errata (#118).

## BACKGROUND

This is an insurance bad faith (refusal to settle) case that stems from an automobile collision. Kelly was injured in a collision as a result of negligence by Jose Cruz and Andre Torres Flores. Cruz and Flores were insured by CSE Safeguard Insurance Company (CSE). A week after the accident, Kelly sent a demand letter to CSE requesting that CSE tender the policy limits because Cruz and Flores' liability allegedly exceeded the policy limit. CSE did not comply for various reasons, including the fact that the letter was sent to the wrong address. CSE and Kelly then participated in settlement negotiations and CSE conducted its investigation.

During this time, Kelly negotiated stipulated judgments with Flores and Cruz for $1.5 million each. Cruz and Flores then assigned any claims against CSE to Kelly, and the instant litigation followed.

Kelly now seeks to compel CSE to answer certain interrogatories and requests for

production. Specifically, Kelly seeks addresses of individuals who worked on adjusting the insurance claim. These individuals are or were employed by Mosher Administrative Services, Inc. (Mosher), who handled claims adjustment matters for CSE for part of the time during which Kelly's claims was being adjusted. Kelly also seeks information related to communications between CSE and Cory Hilton, who was hired by CSE to defend Flores in the underlying case.

CSE opposes the motion.

## DISCUSSION

Since the motion was filed, further discovery has rendered much of Kelly's motion moot. The addresses of the relevant Mosher employees have been provided to Kelly in later supplements by CSE. CSE's Amended Answer to Kelly's Interrogatories, Attached as Exhibit 9 to Plaintiff's Countermotion to Exclude Witnesses (#133); CSE's Second Amended Answer to Kelly's Interrogatories, Attached as Exhibit 11 to Plaintiff's Countermotion to Exclude Witnesses (#133). Furthermore, CSE never formally requested documents containing the communications between CSE and Hilton pursuant to FED. R. CIV. P. 34, and cites to no interrogatory that references such communications. In addition, Kelly has failed to comply with LR 26-7(a), which states that "[a]ll motions to compel discovery ... shall set forth in full the text of the discovery originally sought and the response thereto, if any."

## CONCLUSION

Based on the foregoing, and good cause appearing therefore,

IT IS HEREBY ORDERED that Plaintiff's Motion to Compel Answers to Interrogatories and Requests for Production (#111) is **DENIED**.

DATED this  21st  day of July, 2011.

_____
ROBERT J. JOHNSTON
United States Magistrate Judge