# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JAMES KELLY,<br><br>  Plaintiff,<br><br>v.<br><br>CSE SAFEGUARD INSURANCE COMPANY,<br><br>  Defendant. | 2:08-cv-00088-KJD-RJJ<br><br>**ORDER**<br><br>Defendant's Emergency Motion for Order Extending Discovery Deadline for the Purpose of Completing Depositions (#131)<br><br>Plaintiff's Countermotion to Exclude Witnesses and for Protective Order (#133) |

This matter comes before the Court on Defendant's Emergency Motion for Order Extending Discovery Deadline for the Purpose of Completing Depositions (#131). The Court also considered Plaintiff's Opposition (#132), Defendant's Reply (#136), Plaintiff's Countermotion to Exclude Witnesses and for Protective Order (#133), Defendant's Opposition to the Countermotion (#138), and Plaintiff's Reply (#140).

## **BACKGROUND**

The Court granted the parties' stipulated request for an extension of discovery in order to conduct three depositions, Charles Miller (Plaintiff's expert), Gerald Saputra (CSE employee), and Melt Hatch Industries, as well as to conduct the continuation of the deposition of the person most knowledgeable at Mosher. Order (#137). The parties were given until June 30, 2011 to

complete these four depositions.

CSE now asks for an additional extension of the discovery deadline in order to conduct the depositions of Mosher employee Sorex Viraco, and former Mosher employees Lance Palko, Janice Keatch, and Cathy McNeil. Plaintiff originally sought to depose these four individuals, but now opposes their depositions and moves to exclude them from testifying because CSE did not disclose the last known addresses of the former Mosher employees until on or after March 15, 2011. Discovery closed on March 15, 2011.

## DISCUSSION

A schedule may be modified only for good cause and with the judge's consent. FED. R. CIV. P. 16(b)(4). "Application to extend any date set by the discovery plan ... must ... be supported by a showing of good cause for the extension." LR 26-4. Motions for extension of time must be filed no later than twenty days before the discovery cut-off date. *Id*. Applications for extension made after expiration of the specified period shall not be granted unless the moving party can demonstrate that failure to act was the result of excusable neglect. LR 6-1(b).

Here, CSE must demonstrate both good cause and excusable neglect because it sought to modify the discovery schedule by filing the instant motion on March 22, 2011. This is after the discovery cut-off date of March 15, 2011. Scheduling Order (#103).

### I. Excusable Neglect

Excusable neglect encompasses situations in which the failure to comply with a filing deadline is attributable to negligence. *Lemoge v. U.S.*, 587 F.3d 1188, 1195 (9th Cir. 2009). There are at least four factors in determining whether neglect is excusable: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. *Pioneer* at *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 395 (1993). The determination of whether neglect is excusable is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. *Pioneer* at 395. This equitable determination is left to the discretion of the district court. *Pincay v. Andrews*, 389 F.3d 853, 860 (9th Cir. 2004).

1    In examining reasons for delay and good faith, the court should consider: (1) whether the
2 omission reflected professional incompetence, such as an ignorance of the procedural rules; (2)
3 whether the omission reflected an easily manufactured excuse that the court could not verify; (3)
4 whether the moving party had failed to provide for a consequence that was readily foreseeable;
5 and (4) whether the omission constituted a complete lack of diligence. *Graber v. Zaidi*, 2010
6 WL 3238918 (D. Nev. 2010) (*citing Pioneer*, 507 U.S. at 390-95).
7    In explaining why CSE was unable to complete these depositions or seek an extension of
8 time before the discovery deadline, it cites three reasons: 1) the parties had difficulty finding
9 dates on which deponents and all counsel were available; 2) the depositions required travel
10 outside the state of Nevada; and 3) CSE was unable to obtain the last known addresses of Keatch,
11 Palko, and McNeil from Mosher until March 15 and 17, 2011.
12   These reasons do not constitute excusable neglect because all of them are foreseeable
13 aspects of litigation, that parties should plan to address within the time allotted by the scheduling
14 order.
15   A.  Scheduling Problems
16   Problems scheduling depositions due to unavailability of counsel and/or deponents does
17 not constitute excusable neglect.  Plaintiff first noticed the depositions at issue on or about
18 December 14, 2009.  Christensen Letter, Attached as Exhibit B to Defendant's Motion for
19 Extension of Time (#131).  Discovery was stayed on March 2, 2010.  Order (#97).  Discovery
20 was reopened on September 15, 2010 and closed on March 15, 2011.  Order (#103).  Despite the
21 fact that the winter holidays fell during that period, the parties had at least 259 days, not counting
22 the time during which discovery was stayed, after the notice to find time to schedule the four
23 depositions.  The failure to do so constitutes a lack of diligence and is not excusable neglect.  *See*
24 *Lee v. Walters*, 172 F.R.D. 421, 430-31 (D. Or. 1997) (holding that delays in conducting
25 depositions should not be excused due to scheduling difficulties attributable to busy deponents
26 and busy, traveling attorneys).
27   B.  The Depositions Required Travel
28   Travel for purposes of deposition is a run-of-the-mill occurrence in federal litigation.  It is

3

1  easily foreseeable, especially when jurisdiction is based on the diversity of citizenship of the
2  parties.  Further, CSE does not argue that travel would constitute a financial hardship, and even if
3  it was, the Federal Rules provide alternative means of taking depositions.  The fact that travel
4  may be required in order for a deposition to be taken does not constitute excusable neglect.

5        C.  The Addresses

6        CSE argues that it should be excused from meeting the scheduled deadlines because it
7  was unable to obtain the last known addresses of former Mosher employees, Janice Keatch and
8  Cathy McNeil, until March 15, 2011, the date set for close of discovery, nor could it obtain the
9  last known address of former Mosher employee, Lance Palko, until March 17, 2011, after
10 discovery had already closed.  Plaintiffs first sent notice of these depositions on or about
11 December 14, 2009.

12       CSE states that it sought the addresses before the stay of discovery, however, the only
13 date mentioned specifically is January 3, 2011.  Fitzwater Affidavit at 1 ¶ 5, Attached as Exhibit
14 A to Motion (#131).  This is months after discovery was reopened in September 2010 and over a
15 year after Plaintiff's initial request.  The length of time that passed before a recorded request was
16 made from Mosher indicates that CSE was not diligent in pursuing the addresses.  Furthermore,
17 the Federal Rules provide a mechanism by which information in the possession of third parties
18 can be obtained during discovery.  For whatever reason, it appears that CSE did not take
19 advantage of that process in order to obtain the needed information in a timely manner.  The fact
20 that CSE did not obtain or disclose the addresses of the individuals Plaintiff sought to depose in a
21 timely manner because they were in the possession of Mosher does not constitute excusable
22 neglect.

23 **II.  Good Cause**

24       The good cause standard primarily considers the diligence of the party seeking the
25 extension.  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).  The
26 scheduling order can be modified if it cannot reasonably be met despite the diligence of the party
27 seeking the extension.  *Id*.  If the moving party was not diligent, the inquiry should end.  *Zivkovic*
28 *v. S. California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002); *Mammoth Recreations*, 975

1  F.2d at 609.  Good cause may be found if the moving party can show that it could not comply
2  with the schedule due to matters that could not have been reasonably foreseen at the time of the
3  issuance of the scheduling order.  *Kuschner v. Nationwide Credit, Inc.*, 256 F.R.D. 684, 687
4  (E.D. Cal. 2009).

5  Even if CSE had demonstrated that the reason it failed to meet court specified deadlines
6  was due to excusable neglect, it has still failed to demonstrate good cause for an additional
7  extension.  The factual background of this motion is unique in that CSE is seeking an extension
8  in order to take the depositions of individuals originally sought to be examined by Plaintiff.
9  Now, however, Plaintiff no longer seeks to take those depositions, but instead seeks to exclude
10 those witnesses from testifying at trial altogether and for a protective order preventing the
11 depositions.

12 As stated above, all of the reasons CSE gives in order to show good cause for an
13 extension are foreseeable circumstances of discovery.  There is nothing to indicate that the
14 parties would have been unable to coordinate schedules in order to conduct the depositions if
15 they had been diligent in seeking to do so.  Likewise, there is nothing to indicate that travel,
16 which is foreseeable, would have prevented CSE from meeting scheduled deadlines, if it had
17 exercised due diligence.  Finally, it does not appear that CSE exercised due diligence in seeking
18 to obtain the last known addresses of the former Mosher employees at issue.

19 Because discovery is closed, except as extended by the Court in Order #137, there is no
20 need to exclude these witnesses from trial or issue any protective order preventing the
21 depositions, as CSE has no right to conduct them at this time.
22 ///
23
24 ///
25
26 ///
27
28 ///

## CONCLUSION

Based on the foregoing, and good cause appearing therefore,

IT IS HEREBY ORDERED that Defendant's Emergency Motion for Order Extending Discovery Deadline for the Purpose of Completing Depositions (#131) is **DENIED**.

IT IS FURTHER ORDERED that Plaintiff's Countermotion to Exclude Witnesses and for Protective Order (#133) is **DENIED**.

DATED this 21st day of July, 2011.

_____
ROBERT J. JOHNSTON
United States Magistrate Judge